IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROLE STEPHENSON, et al.,       )
                                 )
                                 )
           Plaintiffs,           )
                                 )
v.                               )
                                 )   Case No. 04-2312-CM
                                 )
WYETH LLC, et al.,               )
                                 )
           Defendants.           )
                                 )

# MEMORANDUM AND ORDER

This case is a failure-to-warn products liability action. Plaintiff Carole Stephenson claims that she developed ductal carcinoma in situ ("DCIS") in her right breast as a result of taking prescription hormone therapy medications manufactured by defendants Wyeth LLC and Pfizer Inc. The case is specially set as the court's No. 1 civil case on January 9, 2012, and is expected to be a three-week trial. The parties have filed a number of *Daubert* motions, as well as other motions regarding the scope of the case. This matter is presently before the court on three related motions: (1) Defendants' Motion to Reopen Discovery for a Limited Purpose (Doc. 122); (2) Plaintiff's Motion for Leave to Substitute Expert Witnesses (Doc. 109); and (3) Motion by Defendants Wyeth LLC and Pfizer Inc. to Exclude the Testimony of Plaintiff's Expert, Dr. Michael Wertheimer (Doc. 95).

All three motions relate to one of plaintiff's experts, Dr. Michael Wertheimer. Dr. Wertheimer is plaintiff's causation expert. On July 19, 2011, Dr. Wertheimer indicated that he was no longer interested in serving as an expert in hormone replacement therapy cases. He specifically confirmed that he no longer would serve as an expert in this case on July 21, 2011. Prior to Dr. Wertheimer's

-1-

announcement, defendants had moved to exclude his expert testimony from trial. After receiving notice from Dr. Wertheimer of his desire to withdraw, plaintiff filed her motion for leave to substitute expert witnesses. Plaintiff asks the court to allow her to de-designate Dr. Wertheimer as a testifying expert and to designate Dr. Elizabeth Naftalis as her causation expert.

> **I.     Defendants' Motion to Reopen Discovery**

The court has discretion whether to reopen discovery. In exercising this discretion, the court may consider "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the forseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *Sloan v. Overton*, No. 08-2571-JAR-DJW, 2010 WL 5476726, at *2 (D. Kan. Dec. 30, 2010) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

Many of the factors weigh in favor of allowing the discovery. In this case, the trial is not imminent, although it is only months away. It does not appear that plaintiff would be significantly prejudiced, and the request does not reflect poorly on defendants' diligence. Moreover, it is unlikely that additional discovery would be required. But plaintiff opposes the motion, and defendants seek discovery that is protected by the attorney work product doctrine, as will be explained below. These factors weigh against reopening discovery and, in the end, tip the scales in favor of plaintiff.

The crux of the matter is whether the documents that defendants want are protected by the work product doctrine. The court reviewed the documents submitted by plaintiff *in camera*. Communications between an attorney and his or her expert are protected as work product. Fed. R. Civ. P. 26(b)(4)(C). Defendants claim that Dr. Wertheimer is no longer an expert, making the emails between him and plaintiff's attorney discoverable. The court disagrees. Plaintiff has not yet formally

taken Dr. Wertheimer off her expert list.  If the court denies plaintiff's motion to substitute, plaintiff wants to retain the option to read Dr. Wertheimer's deposition.  The court believes that Dr. Wertheimer should still be treated as plaintiff's expert for the purposes of evaluating whether emails exchanged before the date of this order are discoverable.

The court also does not believe that plaintiff has waived work product protection by reading defense counsel the initial emails and submitting a copy of them as an attachment to her filings.  Fed. R. Evid. 502(a) provides that the protection is waived as to undisclosed communications if "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together."  Plaintiff produced communications indicating that Dr. Wertheimer wishes to withdraw from the case.  Other communications regarding possible substitute experts are of a different subject matter and need not be considered in conjunction with the communication indicating Dr. Wertheimer's desire to withdraw.  When plaintiff's attorney disclosed the communication to defense counsel, she represents that she did so with the verbal understanding that she would not be waiving any privilege claims.  The court accepts this representation and declines to find that plaintiff waived the work product privilege.

Because the discovery sought is protected by the work product doctrine, the court determines that it is inappropriate to reopen discovery.  Defendants' motion is therefore denied.

### II.     Plaintiff's Motion to Substitute

To allow plaintiff to substitute experts, the court must evaluate whether to modify the court's scheduling order and pretrial order.  The court may modify the scheduling order for good cause and the pretrial order to prevent manifest injustice.  Fed. R. Civ. P. 16(b)–(c).  Plaintiff notified the court in a timely manner after learning that Dr. Wertheimer no longer intended to participate.  It does not appear that plaintiff's counsel was involved in Dr. Wertheimer's decision—and it would be improper to

punish plaintiff for a change in circumstances beyond her control. The court finds that plaintiff has shown good cause to modify the scheduling order, which has been superseded by the pretrial order in any event.

As for modification of the pretrial order, Local Rule 16.2 states that the pretrial order, when approved by the court and filed with the clerk, "controls the subsequent course of the action." D. Kan. R. 16.2(c). The rule allows modification of a pretrial order "(1) by consent of the parties and court; or (2) an order of the court to prevent manifest injustice." *Id.* The party moving for modification bears the burden of demonstrating manifest injustice. *Wilson v. Sedgwick Cnty. Bd. of Cnty. Comm'rs*, No. 05-1210-MLB, 2006 WL 2850326, at *5 (D. Kan. Oct. 3, 2006) (citing *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000)). Because defendants do not consent to plaintiff's proposed amendments, the court turns to whether plaintiff can establish manifest injustice.

When considering whether a party has demonstrated manifest injustice, a court considers four factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Id.* (quoting *Koch*, 203 F.3d at 1222). Additionally, courts consider the timing of when the party knew of the potential need for modification. *See id.* ("[I]f the evidence or issue was within the knowledge of the party seeking modification of the pretrial order at the time of the pretrial conference then [modification] may not be allowed.") (quoting *Koch*, 203 F.3d at 1217); *Tuttle v. Eats & Treats Operations, Inc.*, No. 03-4139-RDR, 2005 WL 2704957, at *2 (D. Kan. Aug. 8, 2005) ("[D]efendant could have raised this issue much earlier in this litigation without impacting the trial schedule."); *Sunflower Elec. Power Corp. v. Clyde Bergemann, Inc.*, No. 04-1003-WEB, 2005 WL 1842754, at *14 (D. Kan. Aug. 3, 2005) (allowing a party to modify the pretrial order because the issues would be identical, but noting that "no

trial date has been set; consequently any prejudice or surprise suffered by Defendant can be ameliorated by allowing further time for discovery").

First, defendants will not be unduly prejudiced by allowing plaintiff to substitute an expert. This case is not set for trial until January 2012, and defendants will have ample time to depose a new expert and file any appropriate motions. Moreover, defendants are familiar with the testimony of Dr. Naftalis in other hormone replacement therapy cases and will likely not be surprised by her testimony in this case.

Second, for substantially the same reasons just given, defendants should easily be able to cure any prejudice.

Third, trial will not be interrupted—or likely even delayed—by allowing plaintiff to substitute an expert.

Fourth, plaintiff's actions appear to be in good faith. Dr. Wertheimer elected to terminate his relationship with plaintiff. The decision was out of plaintiff's control, and plaintiff acted quickly in making efforts to address the situation.

After considering all of the factors for modifying a pretrial order, the court determines that modification is warranted to allow plaintiff to substitute Dr. Naftalis for Dr. Wertherimer as her causation expert. The parties should work to schedule discovery promptly. The court directs them to discuss the extent of any discovery and attempt to agree on a schedule for production and/or deposition. To the extent that they are unable to agree, the parties should jointly contact Judge O'Hara's chambers for scheduling on or before October 3, 2011. Any motion challenging the admissibility of the expert testimony of Dr. Naftalis is due on or before November 1, 2011.

**III.    Defendants' Motion to Exclude**

Because the court has ruled that plaintiff may substitute experts, defendants' motion to exclude the testimony of Dr. Wertheimer is moot. The court denies it as such. Defendants may, however, file a similar motion regarding Dr. Naftalis.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reopen Discovery for a Limited Purpose (Doc. 122) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Substitute Expert Witnesses (Doc. 109) is granted.

**IT IS FURTHER ORDERED** that Motion by Defendants Wyeth LLC and Pfizer Inc. to Exclude the Testimony of Plaintiff's Expert, Dr. Michael Wertheimer (Doc. 95) is denied as moot.

Dated this 29th day of September, 2011, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**